UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH SHOOP and LAURA SHOOP, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) Case No. 2:19-CV-45 SPM |
| RANDALL RAY FORQUER, II and | ) |
| ARKEMA, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs' Motion to Remand. (Doc. 13). The motion has been fully briefed. All parties who have been served have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).[1] The motion has been fully briefed and is ready for ruling. For the reasons stated below, the Court will grant Plaintiffs' motion and remand the case to the Circuit Court of Adair County, Missouri.

**I.   FACTUAL BACKGROUND**

On or around May 3, 2019 Plaintiffs Joseph and Laura Shoop filed a Petition for Damages in the Circuit Court of Adair County, Missouri. The Petition names two defendants: Arkema, Inc., and Randal Ray Forquer II. Plaintiffs allege that Plaintiff Joseph Shoop and Laura Shoop are citizens of Missouri; that Defendant Arkema, Inc. is a Pennsylvania corporation with its principal place of business and headquarters in Pennsylvania, and that Defendant Forquer is a citizen of Missouri.

In their Petition, Plaintiffs allege the following. Plaintiff Joseph Shoop is certified in HVAC and refrigerant removal by the United States Environmental Protection Agency. On or

---

[1] One defendant, Randall Ray Forquer, II, has not been served.

1

about August 27, 2018, Defendant Forquer invited Plaintiff Joseph Shoop onto the property where he resided to exchange the refrigerant in an outdoor air conditioning unit (the "Subject Unit.") After Plaintiff Joseph Shoop connected the Subject Unit to a refrigerant cylinder (the "Subject Cylinder"), the Subject Cylinder exploded, causing serious injuries to Mr. Shoop.

Plaintiffs assert claims of negligence, strict liability, and loss of consortium against Arkema, Inc., based on Arkema's design, testing, manufacturing, and/or sale of the Subject Cylinder. Plaintiffs also assert claims of negligence and loss of consortium against Defendant Forquer. In their negligence claim against Mr. Forquer, Plaintiffs state:

> 37. Plaintiff Joseph Shoop was invited by Defendant Forquer onto the Subject Property with his consent to exchange refrigerant from the Subject Unit on the property.
> 38. The Subject Unit posed an unreasonable risk of harm to entrants upon the property and those exchanging the refrigerant in it, including Plaintiff.
> 39. Defendant Forquer failed to warn Plaintiff Joseph Shoop of the dangerous [sic] of the refrigerant that the Subject Unit was filled with.
> 40. At all times mentioned, Defendant Forquer had the duty to exercise reasonable care to protect Plaintiff Joseph Shoop against both known dangers and those that would be revealed by inspection.
> 41. Defendant Forquer through the exercise of ordinary care should have known that the Subject Unit posed a dangerous condition on the Subject Property.
> 42. Defendant Forquer failed to use ordinary care to warn of the dangerous condition on the Subject Property.
> 43. Defendant Forquer knew or should have known that Plaintiff Joseph Shoop would not discover such condition or realize the risk of harm.
> 44. As a result of Defendant Forquer's failure to warn of the dangerous condition, the Subject Cylinder exploded after it was connected to the Subject Unit, throwing Plaintiff Joseph Shoop and resulting in serious and permanent injuries to Plaintiff, including . . .
> 45. As a direct result of the dangerous condition of the Subject Unit, Plaintiff Joseph Shoop sustained the following damages: . . . .

Pet'n for Damages, Doc. 14-1.

On June 12, 2019, Defendant Arkema, Inc. ("Arkema" removed this case to federal court on the basis of complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a). In the Notice of Removal, Arkema alleged that Plaintiffs are Missouri citizens, that Defendant Arkema is a Pennsylvania citizen, and that although Defendant Forquer is a Missouri citizen, his citizenship should be disregarded because he was fraudulently joined. Defendant Arkema also alleged that the matter in controversy exceeds $75,000. In the alterative, Defendant Arkema argues that the claims against Defendant Forquer have been misjoined and should be severed pursuant to Rule 21 to preserve diversity jurisdiction.

On July 12, 2019, Plaintiffs filed the instant motion to remand the case to state court, arguing that Defendant Arkema has not met its burden of proving that Defendant Forquer was fraudulently joined, and that therefore this Court lacks subject matter jurisdiction over the action. Plaintiffs also argue that because Defendant Forquer was not fraudulently joined, the failure of Arkema to obtain his consent to removal makes the Notice of Removal defective and necessitates remand. Plaintiffs also oppose Defendant Arkema's request to sever the claims against Defendant Forquer.

**II.    DISCUSSION**

The Court will consider, in turn, (A) Defendant Arkema's contention that removal was proper and diversity jurisdiction exists under the doctrine of fraudulent joinder, and (2) Defendant Arkema's alternative request that this Court sever Plaintiffs' claims against Defendant Arkema and Plaintiffs' claims against Defendant Forquer pursuant to Rule 21 in order to preserve diversity jurisdiction.

3

**A. Fraudulent Joinder**

Pursuant to 28 U.S.C. § 1441(a), a defendant may generally remove to this Court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the value of seventy-five thousand dollars, exclusive of interests and costs, and involves a controversy between citizens of different states. For jurisdiction to exist based on diversity of citizenship under § 1332(a), there must be "complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (quotation marks omitted).

In the instant case, the complete diversity requirement is lacking from the face of the pleadings, because both Plaintiffs and Defendant Forquer are citizens of Missouri. However, even where the face of the pleadings shows an absence of complete diversity, diversity jurisdiction may nevertheless be present if the removing defendant can show that the non-diverse defendant was fraudulently joined. *Id.* at 445. "Joinder is fraudulent when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id. See also Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) ((""[A] plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy.") (internal quotations and citation omitted). "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Id.* (citation omitted).

The Eighth Circuit set forth the standard for evaluating assertions of fraudulent joinder in *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806 (8th Cir. 2003):

4

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. It is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.
>
> However, if there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. As we recently stated in *Wiles [v. Capitol Indemnity Corp.]*, " . . . **joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants**." 280 F.3d [868, 871 (8th Cir. 2002)]. Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Filla*, 336 F.3d at 810 (emphasis added; footnote and internal citations omitted). The *Filla* standard has been consistently applied in the Eighth Circuit. *See, e.g.*, *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1226 (8th Cir. 2015) ("A party has been fraudulently joined when there exists no reasonable basis in fact and law to support a claim against it.") (internal quotation marks omitted); *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 915 (8th Cir. 2014) (same).

In applying this standard, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811. "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id.* "However, in its review of a fraudulent joinder claim, the court has no responsibility to *definitively* settle the ambiguous question of state law." *Id.* "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co. v. Medicine Bowl Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

A showing that a plaintiff has failed to state a claim against a particular defendant under Federal Rule of Civil Procedure 12(b)(6) is *not* sufficient to show that the defendant was fraudulently joined. "By requiring the defendant to prove that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law and fact, we require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson*, 634 F.3d at 980. *See also Junk*, 628 F.3d at 445 (noting that the Rule 12(b)(6) requirement that a complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face is "more demanding" of a plaintiff than is the *Filla* standard for defeating an assertion of fraudulent joinder). In the fraudulent joinder analysis, the court "do[es] not focus on the artfulness of the plaintiff's pleadings." *Knudson*, 634 F.3d at 980. *See also Wilkinson v. Shackleford*, 478 F.3d 957, 964 (8th Cir. 2007) (finding no fraudulent joinder where the defendant argued that the plaintiff did not state a claim but did not argue that she "could not" state a claim; noting that "[t]he relevant inquiry in analyzing fraudulent joinder . . . focuses only on whether a plaintiff 'might' have a 'colorable' claim under state law" and that 'All doubts arising from defective, ambiguous, and inartful pleadings [in a removed case] should be resolved in favor of the retention of state court jurisdiction.') (quoting *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957)).

With these principles in mind, the Court considers whether Defendant Arkema has shown that Plaintiffs' claims against Defendant Forquer have no reasonable basis in law and fact. As the parties agree, Missouri law controls the substantive issues in this diversity case. *See, e.g.*, *Thompson*, 760 F.3d at 915. Plaintiffs' claim against Forquer is based on his status as the possessor

of the land on which the Subject Unit was located, and Plaintiff Shoop's status as an invitee.[2] With regard to a land possessor's liability to an invitee, the Missouri Supreme Court has adopted the approach set forth in the Restatement (Second) of Torts, § 343 (1965):

> When the plaintiff is an invitee, a possessor of land is subject to liability for injuries caused by a condition on the land *only if* the possessor
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Harris v. Niehaus*, 857 S.W.2d 222, 225-26 (Mo. 1993) (quoting Restatement (Second) of Torts, § 343 (1965)). *See also Hellman v. Dorege's Super Market, Inc.*, 943 S.W.2d 655, 658 (Mo. 1997) (applying the Restatement (Second) of Torts § 343 and citing *Harris*); *Holzhausen v. Bi-State Development Agency*, 414 S.W.3d 488, 494 n.1 (Mo. Ct. App. 2013) ("The Missouri Supreme Court adopted sections 343 and 343A(1) of the Restatement (Second) of Torts as accurate statements of Missouri law.") (citing *Harris*, 857 S.W.2d at 226); *Quinn v. Lenau*, 996 S.W.2d 564, 568 (Mo. Ct. App. 1999) ("Our Supreme Court has adopted Section 343 of the Restatement (Second) of Torts, as an accurate statement of the applicable standard of care owed by a possessor of land with respect to invitees") (citing *Harris v. Niehaus*, 857 S.W.2d 222, 226 (Mo. 1993)). After reciting the Restatement's standard, the Missouri Supreme Court in *Harris* stated:

> Thus, to meet the applicable standard of care a possessor of land must (1) exercise reasonable care; (2) disclose to the invitee all dangerous conditions which are known to the possessor and are likely not to be discovered by the invitee; and (3) see that the premises are safe for the reception of a visitor, or at least ascertain the condition of the land, to give such warning that the invitee may decide intelligently

---

[2] The parties do not appear to dispute, at this stage, either that Forquer was the possessor of the land on which the Subject Unit was located or that Plaintiff Shoop was an invitee on that land.

7

> whether or not to accept the invitation, or may protect himself against the danger if he does accept it.

*Harris*, 857 S.W.2d at 226 (citing Restatement (Second) of Torts, § 343, Comment b).

To support its contention that Defendant Forquer has been fraudulently joined, Defendant Arkema argues that "Plaintiffs' petition contains no facts alleging Defendant Forquer knew refrigerant was dangerous, or that said defendant had any knowledge of refrigerant or AC unit operation and maintenance." Def.s' Mem. Opp'n, Doc. 16, at p. 5. However, as even the case law cited by Defendant Arkema makes clear, a plaintiff need not show that the defendant "knew" of the dangerous condition, but merely that the defendant knew "or by the exercise of reasonable care would discover" the condition and "should realize that it involves an unreasonable risk of harm to such invitees." *See Harris*, 857 S.W.2d at 225-26; *Privitera v. Coastal Mart, Inc.*, 908 S.W.2d 779, 781 (Mo. Ct. App. 1995). Plaintiffs' allegation that "Defendant Forquer through the exercise of ordinary care should have known that the Subject Unit posed a dangerous condition on the Subject Property" is sufficient to allege this element, particularly given that the Court does not focus on the artfulness of the plaintiff's pleadings in assessing fraudulent joinder.

The Court acknowledges that it seems somewhat unlikely that Plaintiffs will actually be able to prove that Mr. Forquer, in the exercise of reasonable care, would have discovered that his air conditioning unit was in a dangerous condition that involved an unreasonable risk of harm to invitees. Indeed, if the Court were evaluating Plaintiffs' complaint under Rule 12(b)(6), it would be a close question whether this claim should be dismissed for failure to contain sufficient facts to state a claim that is plausible on its face. However, the Court is not applying the Rule 12(b)(6) standard, but a less demanding one: whether Defendant Arkema has shown that shown that there exists no reasonable basis in fact and law supporting this claim. As Plaintiffs point out in their brief, a resident might have a familiarity with his own air conditioning unit based on his own prior

8

experiences, such as his experiences replacing refrigerant in the air conditioning unit himself, his personal observations of the air conditioning unit, or his discussions with other individuals servicing the air conditioning unit or replacing its refrigerant. Those experiences could give rise to actual or constructive knowledge of the dangers associated with the unit. Plaintiffs' assertion that this element is satisfied is not without a reasonable basis.

Defendant Arkema also argues that "Plaintiffs' Petition contains no factual allegation that Plaintiff Shoop did not know of the dangers of refrigerant, and/or was not likely to discover said condition." Def.s' Mem. Opp'n, Doc. 16, at p. 4. Defendant Arkema also points out that as a person "certified in HVAC and refrigerant removal by the United States Environmental Protection Agency," Pet'n ¶ 11, Plaintiff Joseph Shoop had been trained in topics including the risks related to refrigerant.[3] This argument is without merit. To establish a duty to warn, Plaintiffs are not required to show that Plaintiff Shoop does not "know of the dangers of refrigerant," as a general matter, but rather that Plaintiff Shoop was not likely to discover or realize the dangers associated with the specific Subject Unit in this case and the refrigerant therein. Plaintiffs allege that "[t]he Subject Unit posed an unreasonable risk of harm to entrants upon the property and those exchanging the refrigerant in it, including Plaintiff," that "Defendant Forquer failed to warn Plaintiff Joseph Shoop of the dangerous [sic] of the refrigerant that the Subject Unit was filled with," and "Defendant Forquer knew or should have known that Plaintiff Joseph Shoop would not

---

[3] Defendant Arkema asks the Court to take judicial notice of an EPA website describing the topics covered on the EPA's test for Section 608 Technician Certification, including "risks of exposure to refrigerant," "reusable (or 'recovery') cylinders versus disposable cylinders [ensure former Department of Transportation (DOT) approved, know former's yellow and gray color code, never refill latter]," and "risks of filling cylinders more than 80 percent full." See https://www.epa.gov/section608/section-608-technician-certification-test-topics, last visited August 4, 2019.

9

discover such condition or realize the risk of harm." Those allegations are sufficient to establish a reasonable basis in fact and law with respect to this element.

Defendant Arkema also argues, more generally, that it is a disparity of knowledge that creates a duty to warn an invitee of danger, and that no duty exists here because no such a disparity existed here. Specifically, Defendant Arkema argues that because Mr. Shoop's knowledge regarding HVAC systems and refrigerant was superior to that of Defendant Forquer, Defendant Forquer did not have a duty to warn Mr. Shoop of dangers associated with HVAC systems and refrigerant. This argument is insufficient to show that Plaintiffs' claim has no reasonable basis in fact or law. As discussed above, the disparity in knowledge described in *Harris* and the Restatement does not relate to a general subject matter (such as HVAC systems or refrigerant), but rather to "a condition on the land." Here, the "condition on the land" at issue is the allegedly dangerous condition of the *specific* Subject Unit and refrigerant located on Mr. Forquer's property. Although it appears likely that Mr. Shoop's knowledge of HVAC units and refrigerant, as a general matter, was superior to that of Defendant Forquer, Defendant Arkema has not shown that Mr. Shoop's knowledge of a dangerous condition of the *specific* air conditioning unit or refrigerant on Mr. Forquer's property was superior to that of Mr. Forquer. As discussed above, Plaintiffs' petition contains allegations to the contrary.

Defendant Arkema has not directed the Court to any Missouri cases indicating that, as a matter of law, a person in possession of land who invites a person with some sort of technical expertise onto his land cannot be liable for a dangerous condition that is related to the subject matter of that technical expertise. It is certainly possible that a Missouri court could so hold, but it is not the role of this Court to make that determination assessing fraudulent joinder. *Cf. Filla*, 336 F.3d at 808 (court need not definitively settle ambiguous questions of state law in evaluating

fraudulent joinder, but should "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor").

For all of the above reasons, the Court finds that Defendant Arkema has not shown that Plaintiffs' claims against Defendant Forquer have no basis in fact and law. Thus, Defendant Arkema has not established that Defendant Forquer was fraudulently joined, and his presence as a defendant in this case defeats the complete diversity requirement of 28 U.S.C.§ 1332(a).

### B. Severance Pursuant to Rule 21

In the alternative to its fraudulent joinder argument, Defendant Arkema argues that the Court should sever the claims against Defendant Forquer from the claims against Defendant Arkema, so that diversity jurisdiction over the claim against Defendant Arkema is preserved.[4] Rule 21 provides that the court "may . . . sever any claim against a party." Fed. R. Civ. P. 21. Defendant Arkema argues that severance is proper because the claims against Defendant Forquer and the claims against Defendant Arkema are not properly joined pursuant to Rule 20(a)(2). Rule 20(a)(2) provides, in relevant part:

---

[4] The Court notes that Defendant Arkema does not argue in its brief that subject matter jurisdiction is proper here based on the doctrine of fraudulent *misjoinder*. Fraudulent misjoinder "occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has 'no real connection with the controversy' involving the claims that would qualify for diversity jurisdiction." *In re Prempro Products Liability Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (quoting Ronald A. Parsons, Jr., *Should the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L.Rev. 52, 57 (2008)). The Eighth Circuit has not decided whether to adopt or reject the doctrine of fraudulent misjoinder. However, the Eighth Circuit has held that the joining of a party or claim is not fraudulent misjoinder as long as it is not "so egregious and grossly improper under the broadly-interpreted joinder standards[.]" *In re Prempro*, 591 F.3d at 624.

As discussed below, because the Court finds the claims properly joined for purposes of Defendant Arkema's Rule 20 and Rule 21 argument, it is clear that Defendant Arkema would not be able to establish the more demanding "egregious" misjoinder standard required to find fraudulent misjoinder.

> [P]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Defendant Arkema argues that Plaintiffs' claims against Forquer arise out of his status as a resident or possessor of land and thus do not arise out of the same transaction or occurrence as the claims against Defendant Arkema, which are related to the design, manufacture, assembly, marketing, distribution, or sale of refrigerant cylinders.

As a preliminary matter, the Court notes that the use of Rule 21 to create subject matter jurisdiction by severing claims against a non-diverse party has been criticized. Another court in this jurisdiction, while considering an argument similar to the one made by Defendant Arkema, recently stated:

> Concerning the severance of a non-diverse party under Rule 21, courts are instructed that they "should carefully consider whether the dismissal of a non-diverse party will prejudice any of the parties in the litigation," and to only do so "sparingly." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837-38 (1989). Following the Supreme Court's guidance, courts have criticized the use of Rule 21 to sever non-diverse defendants in order to create federal subject matter jurisdiction. *See, e.g.*, *Hampton v. Insys Therapeutics, Inc.*, 319 F.Supp.3d 1204, 1213-14 (D. Nev. 2018) (collecting cases and pointing out that it is impermissible for a court without jurisdiction to create jurisdiction by severance); *Brown v. Endo Phar., Inc.*, 38 F.Supp.3d 1312, 1326-27 (S.D. Ala. 2014) ("Federal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent."); *Hagensicker [v. Boston Sci. Corp.*, No. 12-5018-CV-SW-RED, 2012 WL 836804, *4 (W.D. Mo. March 21, 2012)] (refusing to sever non-diverse defendants through Rule 21 because it would "create subject matter jurisdiction where it would otherwise not exist."); *Echols v. OMNI Medical Group*, Inc., 751 F.Supp.2d 1214,1217 (N.D. Okla. 2010) (noting that severance under Rule 21 to create diversity jurisdiction may "constitute an impermissible use of the federal rules to extend federal diversity jurisdiction under Rule 82.").

*Crocker v. Allegan USA, Inc.*, No. 4:18-CV-1288-DDN, 2018 WL 7635923, at *7 (E.D. Mo. Dec. 7, 2018), *report and recommendation adopted*, 2019 WL 1242680 (E.D. Mo. Jan. 24, 2019). The court in *Crocker* declined to sever non-diverse claims under Rule 21, stating, "Defendants have

failed to persuade that [plaintiff's] medical malpractice claims were fraudulently misjoined or even improperly joined. This is precisely the circumstance under which a court should not sever a party using Rule 21 to create diversity jurisdiction." *Id.* at *7.

Here, even assuming, *arguendo*, that the Court has the authority to create diversity jurisdiction by severing Plaintiffs' claims against Defendant Forquer, the Court does not find severance appropriate here because Defendant Arkema has not shown that the claims were improperly joined under Rule 20(a)(2). As the Eighth Circuit has repeatedly recognized, Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *In re Prempro*, 591 F.3d 622 (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Gracey v. Janssen Pharm., Inc.*, No. 4:15-CV-407 CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)). The purpose of Rule 20 is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley*, 497 F.2d at 1332-33.

Plaintiffs' joinder of the claims against Defendant Forquer and Defendant Arkema satisfies the broad Rule 20(a)(2) standard. Plaintiffs are seeking relief jointly, severally, or in the alternative against Defendants Arkema and Forquer. Both sets of claims arise out of the same occurrence: the explosion of the Subject Cylinder at Defendant Forquer's residence on or around August 27, 2018, and the resultant injuries to Plaintiff Joseph Shoop. The two sets of claims will involve several common questions of law and fact, including questions related to the cause of the accident and the nature and extent of the damages. These claims are obviously "reasonably related," and joinder of

13

these claims will promote both judicial economy and convenience to the parties. The mere fact that there are some factual distinctions between the claims does not warrant severance under Rule 21.

For all of the above reasons, Defendant Arkema's motion to sever the claims under Rule 21 will be denied.

### III. CONCLUSION

For all of the above reasons, the Court finds that the complete diversity requirement of 28 U.S.C. § 1332(a) is not satisfied and that this Court lacks subject matter jurisdiction over this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand. (Doc. 13) is **GRANTED**.

A separate Order of Remand will accompany this Memorandum and Order.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of August, 2019.